2012 ME 131

**Nicolle BRADBURY et al.**

**v.**

**GMAC MORTGAGE, LLC.**

Supreme Judicial Court of Maine.

Argued: Feb. 16, 2012.

Decided: Nov. 29, 2012.

Andrea Bopp Stark, Esq. (orally), Molleur Law Office, Biddeford; Thomas A. Cox, Esq., Portland; Charles M. Delbaum, Esq., National Consumer Law Center, Inc., Boston, Massachusetts; and Nina F. Simon, Esq., Center for Responsible Lending, Washington, District of Columbia, for appellants Nicolle Bradbury, et al.

John J. Aromando, Esq., and Catherine R. Connors, Esq. (orally), Pierce Atwood LLP, Portland, for appellee GMAC Mortgage Co.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1]   The United States District Court for the District of Maine (*Hornby, J.*), pursuant to 4 M.R.S. § 57 (2011) and M.R.App. P. 25,[1] has certified the following question of state law to us: "Is Maine's common law judicial proceedings privilege an available defense to both legal and equitable claims brought under the Maine Unfair Trade Practices Act based upon statements made in court filings of affidavits and certifications in state judicial foreclosure proceedings?"

[¶ 2]   The court included the following representation in its certification: "If the Maine Law Court were to find that the judicial proceedings privilege provides absolute immunity as to the remedies sought under the Maine Unfair Trade Practices Act for these documents filed in state judicial foreclosure proceedings, then the lawsuit will be dismissed in its entirety."

[¶ 3]   The court also included a recitation of facts[2] within its certification that

---

1.   M.R.App. P. 25 provides, in part:

(a) **When Certified.**   When it shall appear to the Supreme Court of the United States, or to any of the Courts of Appeals or District Courts of the United States that there are involved in any proceeding before it one or more questions of law of this State which may be determinative of the cause and that there are no clear controlling precedents in the decisions of the Supreme Judicial Court, such federal court may, upon its own motion or upon request of any interested party, certify such questions of law of this State to the Supreme Judicial Court sitting as the Law Court, for instructions concerning such questions of state law.

2.   The certification notes: "GMAC Mortgage, LLC contests the assertions but maintains

"[t]he Law Court may consider as true." The factual recitation included the following statement: "[T]he notarization on the [summary judgment] documents falsely stated that Stephan[3] personally appeared and swore before the notary, when he did not."

[¶ 4] We conclude that the interplay between (1) the four corners of the certified question, (2) the representation that the lawsuit will be dismissed in its entirety if we answer the question in the affirmative, and (3) the fact of the defective notarization of the affidavits requires us to respectfully decline to answer the certified question.

## I. DISCUSSION

█ [¶ 5] We may consider the merits of a certified question from the United States District Court and, in our discretion, provide an answer "if (1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) our answer, in at least one alternative, would be determinative of the case." *Darney v. Dragon Prods. Co.,* 2010 ME 39, ¶ 10, 994 A.2d 804 (quotation marks omitted). The third of these criteria is problematic in the unique configuration of this case.

█ [¶ 6] Ordinarily "[t]he existence of disputed facts with respect to separate issues not raised by the certified question which are themselves potentially determinative of the underlying action does not render it inappropriate for this Court to address the question." *N. River Ins. Co. v. Snyder,* 2002 ME 146, ¶ 9, 804 A.2d 399. Stated otherwise, were we to identify a fact-dependent collateral issue that might

provide an independent and final resolution of the case, the mere existence of that issue would not deprive us of our prerogative to render an advisory opinion on the certified question.

█ [¶ 7] However, in instances where the fact-driven alternate issue is inextricably intertwined with the certified question, our discretion to tender an advisory opinion necessarily encompassing both the certified question and the issue not raised by the federal court is less clear. Furthermore, when the certification represents, as here, that a particular answer by us will definitively terminate a claim, we must carefully consider whether to render a broad pronouncement of law if the application of a narrower, fact-driven rule of law may be dispositive.

█ [¶ 8] We have identified such an instance in this case. The judicial proceedings privilege—actually an immunity from suit, not a privilege—recognizes that "public policy requires that witnesses shall not be restrained by the fear of being vexed by actions at the instance of those who are dissatisfied with their testimony[.]" *Dineen v. Daughan,* 381 A.2d 663, 664 (Me.1978) (quoting *Garing v. Fraser,* 76 Me. 37, 42 (1884) (emphasis omitted)). The privilege assures that a witness has "the freedom to be able to answer questions posed, free of any concern except the truth as he believes it to be." *Id.* Accordingly, the privilege protects a witness's *testimony* from claims based on alleged falsity that may be asserted in a civil proceeding.

█ [¶ 9] In this case, however, Jeffrey Stephan's affidavits were not testimo-

---

that the plaintiff's Unfair Trade Practices Act claim must fail as a matter of law even if the assertions are true."

**3.** Jeffrey Stephan is a GMAC employee who signed summary judgment affidavits on behalf of GMAC in foreclosure proceedings instituted in Maine.

ny potentially protected by the privilege because they bore false notarizations (i.e., he did not personally appear and make oath regarding the truth of his statements based upon personal knowledge), were not and could not have been considered by the trial court, and were therefore not relevant to the judicial proceeding. *See id.* at 665 ("For the privilege to function as intended, the statements it protects must be relevant to the judicial proceeding."); M.R. Civ. P. 56(e) ("[s]upporting ... affidavits shall be made on personal knowledge"); M.R. Evid. 401, 402. Because Stephan's statements in the defective affidavits do not qualify as testimony, they are not privileged.[4]

[¶ 10] Maine has recognized a similar absolute privilege for allegations made in pleadings. *Dineen*, 381 A.2d at 664. However, because the Maine Rules of Civil Procedure establish that affidavits are not pleadings, the defective affidavits executed by Jeffrey Stephan do not qualify for the protection of that privilege. *See* M.R. Civ. P. 7(a), 8, 9, 10, 11(a).

## II. CONCLUSION

[¶ 11] We are thus presented with an anomalous circumstance. If we answer the certified question in the affirmative (i.e., the judicial proceedings privilege applies in Maine Unfair Trade Practices Act claims), then the claim will be immediately and summarily dismissed, even though the facts may have established that the privilege was not available to the defendant under any circumstances. If we answer the certified question in the negative, we render a broad pronouncement of law that will have no application to this case if a threshold issue produces the same result— namely, that the judicial proceedings privilege is simply unavailable on these particular facts. Thus, we must respectfully decline to answer the certified question.

The entry is:

Certified question returned to the United States District Court without an answer for the reasons stated in this opinion.

---

4. The privilege does not immunize a party from liability simply because a statement is made in the context of a judicial proceeding. *See Vahlsing Christina Corp. v. Stanley,* 487 A.2d 264, 267 (Me.1985) (concluding that a complaint should not have been dismissed pursuant to M.R. Civ. P. 12(b)(6) on the basis of the judicial proceedings privilege because the privilege does not extend to statements that were unnecessarily or unreasonably published beyond the scope of the privileged circumstances).